# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAZMYNE SYLVE AND DERWIN PAYTON, INDIVIDUALLY, AND ON BEHALF OF THEIR MINOR CHILD, AUTUMN PAYTON<br>    Plaintiffs, | *<br>*<br>*<br>*<br>*     CIVIL ACTION NO.<br>*     SECTION " " |
| VERSUS | *<br>*     JUDGE |
| WP FREMAUX SLIDELL-LA OWNER, LLC, WAYPOINT RESIDENTIAL SERVICES, LLC, AND THE CINCINNATI INSURANCE COMPANY,<br>    Defendants. | *     MAGISTRATE<br>*<br>*<br>*     JURY TRIAL DEMANDED<br>*<br>* |

******************************************

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs Jazmyne Sylve and Derwin Payton, persons of the full age of majority and residents of the Parish of St. Tammany, State of Louisiana, individually, and on behalf of their minor child, Autumn Payton, and for their Complaint for Damages, respectfully represent:

**I.**

Plaintiffs herein are:

**JAZMYNE SYLVE** ("Sylve"), a person of the full age of majority and a resident of the Parish of St. Tammany, State of Louisiana, individually, and on behalf of her minor child, Autumn Payton; and

**DERWIN PAYTON** ("Payton"), a person of the full age of majority and a resident of the Parish of St. Tammany, State of Louisiana, individually, and on behalf of his minor child, Autumn Payton.

1

**II.**

Made Defendants herein are:

**WP FREMAUX SLIDELL-LA OWNER, LLC** ("Fremaux"), a limited liability company whose state of incorporation and principal place of business are outside of the State of Louisiana;

**WAYPOINT RESIDENTIAL SERVICES, LLC** ("Waypoint"), a limited liability company whose state of incorporation and principal place of business are outside of the State of Louisiana;

and

**THE CINCINNATI INSURANCE COMPANY** ("Cincinnati Insurance"), a corporation whose state of incorporation and principal place of business are outside of the State of Louisiana.

**III.**

Sylve and Payton are the biological parents of Autumn Payton; and all three (3) reside together in the same household.

**IV.**

Subject matter jurisdiction over this matter by this Honorable Court is conferred by 28 U.S.C. §1332, as complete diversity of citizenship exists between all Plaintiffs and all Defendants.

**V.**

Venue is proper in this Court as the events giving rise to Plaintiffs' claims occurred within the Eastern District of Louisiana, the Parish of St. Tammany, State of Louisiana.

**VI.**

On or about September 6, 2021, Plaintiffs Sylve and Payton were tenants of the apartment complex owned and/or operated by Defendants Fremaux and/or Waypoint, bearing the municipal address of 1640 Center Parkway, Slidell, Louisiana, situated within the Parish of St. Tammany.

**VII.**

On said date, at approximately 2:00 p.m., Plaintiff Payton attempted to light the "built in" gas grill in the pool area at the apartment complex owned and/or operated by Defendants Fremaux and/or Waypoint using the electronic lighter affixed to the grill. When the electronic lighter affixed to the "built in" gas grill repeatedly failed to ignite the gas, Plaintiff Payton reviewed the instructions posted on the grill for use of a match to light the grill.

**VIII.**

As the instructions called for use of long kitchen matches, Plaintiff Payton left the complex to purchase the matches.

**IX.**

Upon returning to the apartment complex, Plaintiff Payton once again reviewed the instructions for use of matches to light the built in gas grill. Then, following the posted instructions, Plaintiff Payton attempted to light the gas grill.

**X.**

While Plaintiff Payton attempted to light the grill with the matches, in compliance with the posted instructions, suddenly and without warning, the gas grill exploded with a horrific fireball which engulfed Payton, as well as Sylve and Autumn Payton who were also standing

under the cabana where the grill is situated at the apartment complex owned and/or operated by Defendants Fremaux and/or Waypoint.

### XI.

The exploding fireball caused horrific first, second, and third degree burns to Payton, Sylve, and Autumn Payton, with resulting severe and debilitating injuries, for which each of the Plaintiffs has undergone substantial medical evaluation and treatment including, but not limited to multiple plastic surgeries, debridement of scar tissue, extensive physical/occupational therapy, prescribed medication, and psychological counseling, *inter alia.*

### XII.

At all times pertinent hereto, the gas grill and its appurtenant parts were in the care, custody, and control and/or within the *garde* of Defendants Fremaux and/or Waypoint.

### XIII.

The subject explosion and ensuing injuries to Plaintiffs were in no way caused by any of the Plaintiffs.

### COUNT I – NEGLIGENCE OF FREMAUX AND/OR WAYPOINT

### XIV.

Plaintiffs reiterate, as if copied herein *in extenso*, the allegations of Paragraphs I - XIII.

### XV.

Plaintiffs' accident, injuries, and damages as herein-described were caused, in whole or in part, by the negligence of Defendants Fremaux and/or Waypoint, through their agents, servants, or employees acting in the course and scope of their employment, in the following non-exclusive particulars:

5

a. In that Defendants Fremaux and/or Waypoint failed to maintain their apartment complex including, but not limited to the built in gas grill and its appurtenant parts in a reasonably safe condition for their tenants;

b. In that Defendants Fremaux and/or Waypoint failed to design, construct, inspect, maintain, and/or repair the built in gas grill and its appurtenant parts provided for the use of their tenants in a reasonably safe manner, when they knew or should have known of the unsafe condition presented by same (See Louisiana Civil Code articles 2315 and 2322);

c. In that Defendants Fremaux and/or Waypoint failed to design, construct, inspect, maintain, and/or repair the built in gas grill and its appurtenant parts provided for the use of their tenants in compliance with applicable statutes, codes, ordinances, and industry standards, when they knew or should have known of the unsafe condition presented by same;

d. In that Defendants Fremaux and/or Waypoint failed to provide reasonable warnings of the unsafe condition of the built in gas grill and its appurtenant parts provided for the use of their tenants, when they knew or should have known of the unsafe condition presented by same;

e. In that Defendants Fremaux and/or Waypoint failed to design, construct, install, maintain, inspect, and repair reasonable safety features on the built in gas grill and its appurtenant parts provided for the use of their tenants, when they knew or should have known of the unsafe condition presented by same;

f. In that Defendants Fremaux and/or Waypoint knew and/or should have known of the defective and/or ruinous conditions and/or vices in and on their premises

        including, but not limited to the built in gas grill and its appurtenant parts provided for use by their tenants;

g.      In that Defendants Fremaux and/or Waypoint failed to exercise due care and caution commensurate with the surrounding circumstances; and

h.      Other acts or omissions which may be proven at or before trial in this matter.

## XVI.

The aforelisted acts of negligence were committed by employees, agents, and/or representatives of Defendants Fremaux and Waypoint, while acting in the course and scope of their employment, thereby rendering Defendants Fremaux and Waypoint, vicariously liable under the theory of *respondeat superior*.

## XVII.

Plaintiffs, reiterating and re-alleging each and every allegation set forth above as though set forth herein *in extenso*, aver the applicability of the doctrine of *res ipsa loquitor*.

**COUNT II – DEFECTS, VICES, AND RUIN IN AND ON PROPERTY WITHIN *GARDE* OF DEFENDANTS**

## XVIII.

Plaintiffs reiterate, as if copied herein *in extenso*, the allegations of Paragraphs I - XIII.

## XIX.

Plaintiffs' accident, injuries, and damages were caused, in whole or in part, by the ruinous, vice laden, and/or defective condition of the built in gas grill and its appurtenant parts on and in premises within the care, custody, control, and *garde* Defendants and provided for use by their tenants (See Louisiana Civil Code art. 2317.1).

4853-8264-9626, v. 1

**XX.**

The property including, but not limited to the built in gas grill and its appurtenant parts which was a cause of Plaintiffs' accident, injuries, and damages was within the care, custody, and control of Defendants and possessed vices and defects that presented an unreasonable risk of harm of which Defendants knew or should have known, and Defendants failed to exercise reasonable care to prevent the injuries to Plaintiffs.

**COUNT III – SPOLIATION OF EVIDENCE**

**XXI.**

Plaintiffs reiterate, as if copied herein *in extenso*, the allegations of Paragraphs I - XX.

**XXII.**

Within two (2) days of the explosion sued upon in the captioned proceedings, counsel for Plaintiffs issued to the manager of Defendants' property a letter of representation and request for preservation of any available video of the horrific incident. Receipt of the letter of representation and request for preservation of video was acknowledged by Defendants' property manager on September 7, 2021 and, separately, by Defendants' liability insurer on September 13, 2021.

**XXIII.**

On information and belief, Defendants' property manager and a representative of Defendants' liability insurance carrier viewed surveillance video of the incident which had been captured by a camera mounted on the pool side of Defendants' on site clubhouse and leasing center.

### XXIV.

Notwithstanding Defendants' and Defendants' liability insurance carrier's understanding of the importance of the video and Plaintiffs' written request that the video be preserved, Defendants and Defendants' liability insurance carrier failed to preserve same.

### XXV.

"A party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant." *Perkins v. Travelers Property Casualty Insurance Company,* No. 20-1141, 2021 WL 2141733, *1 (E.D. La. May 26, 2021)(Feldman, J.), citing *Guzman v. Jones,* 804 F.3d 707, 713 (5th Cir. 2015).

### XXVI.

"Spoliation of evidence 'is the destruction or the significant and meaningful alteration of evidence' that should have been preserved." *Perkins v. Travelers Property Casualty Insurance Company,* No. 20-1141, 2021 WL 2141733, *1 (E.D. La. May 26, 2021)(Feldman, J.), citing *Guzman v. Jones,* 804 F.3d 707, 713 (5th Cir. 2015).

### XXVII.

In a case such as the one sued upon in the captioned proceedings, surveillance video (especially video viewed by representatives of Defendants) of the horrific event would be highly probative of Plaintiffs' claims, immensely meaningful, and particularly relevant in this case.

### XXVIII.

"A defendant's – or a *potential* defendant's – decision to destroy, erase, or withhold such a video screams 'bad faith.' " *Perkins v. Travelers Property Casualty Insurance Company,* No. 20-1141, 2021 WL 2141733, *1 (E.D. La. May 26, 2021)(Feldman, J.). " 'Bad faith,' in the

context of spoliation, generally means destruction for the purpose of hiding adverse evidence." *Id.* Indeed, but for harmful evidence of its own negligence and/or the existence of a hazardous condition on its premises, "what would a defendant have to hide on a routine surveillance tape?" *Id.*

### XXIX.

Where, as here, Defendants reviewed the video of the incident and failed to make a decision to preserve the routine surveillance video which captured the accident sued upon in the captioned proceedings, "[s]uch a decision could only be made in bad faith, and where a showing of 'bad faith' has been made, an 'adverse inference against the spoliator is both permitted and warranted.' " *Perkins v. Travelers Property Casualty Insurance Company,* No. 20-1141, 2021 WL 2141733, *1 (E.D. La. May 26, 2021)(Feldman, J.), quoting *Condrey v. SunTrust Bank of Ga.,* 431 F.3d 191, 203 (5th Cir. 2005).

### COUNT IV – LIABILITY INSURANCE CLAIMS AGAINST CINCINNATI INSURANCE

### XXX.

Plaintiffs reiterate, as if copied herein *in extenso*, the allegations of Paragraphs I - XXIX.

### XXXI.

At the time of the accident sued upon in the captioned proceedings, Defendant Cincinnati Insurance had in full force and effect a policy(ies) of liability insurance issued to Defendants Fremaux and/or Waypoint, rendering Cincinnati Insurance liable *in solido,* for all damages awarded to Plaintiffs.

### DAMAGES

### XXXII.

Plaintiffs reiterate, as if copied herein *in extenso*, the allegations of Paragraphs I-XXXI.

**XXXIII.**

Plaintiffs' injuries and damages resulted, in whole or in part, from the negligence and/or defective, ruinous condition, and/or vice laden property within the *garde* of Defendants, as enunciated above, without any fault or negligence on the part of Plaintiffs contributing thereto.

**XXXIV.**

As a result of the accident and acts enumerated above, Plaintiff Autumn Payton has suffered damages and claims all such damages reasonable in the premises for the following:

1. Physical pain and suffering, past and future;
2. Severe mental anguish, past and future;
3. Medical expenses, past and future;
4. Loss of earning capacity, and/or loss of fringe benefits, past and future;
5. Loss of enjoyment of life, past and future;
6. Permanent scarring and disability; and
7. Loss of support from her parents.

**XXXV.**

As a result of the accident and acts enumerated above, Plaintiff Jazmyne Sylve has suffered damages and claims all such damages reasonable in the premises for the following:

1. Physical pain and suffering, past and future;
2. Severe mental anguish, past and future;
3. Medical expenses, past and future;
4. Loss of wages, loss of earning capacity, and/or loss of fringe benefits, past and future;
5. Loss of enjoyment of life, past and future; and

    6.    Permanent scarring and disability.

## XXXVI.

As a result of the accident and acts enumerated above, Plaintiff Derwin Payton has suffered damages and claims all such damages reasonable in the premises for the following:

    1.    Physical pain and suffering, past and future;

    2.    Severe mental anguish, past and future;

    3.    Medical expenses, past and future;

    4.    Loss of wages, loss of earning capacity, and/or loss of fringe benefits, past and future;

    5.    Loss of enjoyment of life, past and future; and

    6.    Permanent scarring and disability.

## XXXVII.

Plaintiffs demand trial by jury on all issues presented.

**WHEREFORE**, Plaintiffs Jazmyne Sylve and Derwin Payton, individually, and on behalf of their minor child, Autumn Payton, pray that Defendants WP Fremaux Slidell-LA Owner, LLC, Waypoint Residential, LLC, and The Cincinnati Insurance Company, be duly cited and served with a copy of this Complaint and be made to appear and answer same, and after due proceedings had, there be judgment rendered herein in favor of Plaintiffs Jazmyne Sylve and Derwin Payton, individually, and on behalf of their minor child, Autumn Payton, and against Defendants WP Fremaux Slidell-LA Owner, LLC, Waypoint Residential, LLC, and The Cincinnati Insurance Company, for all damages reasonable in the premises, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings. Plaintiffs further pray for trial by jury.

*Respectfully submitted,*
**ROME, ARATA, BAXLEY & STELLY, L.L.C.**

*/s/ W. Chad Stelly, Esq.*
W. CHAD STELLY, Bar No. 21140
C. PERRIN ROME, III, Bar No. 17774
BLAKE G. ARATA, JR., Bar No. 1697
650 Poydras Street, Suite 2017
New Orleans, Louisiana 70130
Telephone: (504) 522-9980
Facsimile: (504) 522-9971
E-mail:wcstelly@romearata.com
prome@romearata.com
barata@romearata.com

*Counsel for Plaintiffs Jazmyne Sylve and Derwin Payton, individually, and on behalf of their minor child, Autumn Payton*

**PLEASE SERVE:**

**WP FREMAUX SLIDELL-LA OWNER, LLC**
Through its designated agent for service of process:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**WAYPOINT RESIDENTIAL SERVICES, LLC**
Through its Chief Executive Officer:
Scott Lawlor
9 West Broad Street
Suite 800
Stamford, CT 06902

**THE CINCINNATI INSURANCE COMPANY**
Through its designated agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

4853-8264-9626, v. 1