UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAZMYNE SYLVE, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 22-861 |
| WP FREMAUX SLIDELL-LA OWNER, LLC, ET AL | * | SECTION "T" (2) |

## ORDER AND REASONS

Before me is a Motion for Leave to File Amended Third-Party Demand by Defendant and Third-Party Defendant, Franklin Construction, Ltd. ("Franklin Construction") seeking to add (1) Employers Mutual Casualty Company and GuideOne National Insurance Company as insurer of third party defendant M&M Plumbing and (2) Exterior Hardscapes, Inc. and its insurers National Trust Insurance Company and Travelers Property Casualty Company of America. ECF No. 76; No. 76-1.  The motion indicates that the defendants/third-party defendants indicated no opposition or position. *Id.* ¶ 8.  Plaintiffs later filed a Response indicating no opposition to the amendment, provided it does not disrupt the scheduled April 1, 2024 trial date or other deadlines, including the October 17, 2023 settlement conference.  ECF No. 78 at 1.  Franklin Construction filed a Reply Memorandum.  ECF No. 81.

No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.  Having considered the record, the submissions and arguments of counsel, and the applicable law, and after finding that the motion has merit, the motion is GRANTED for the reasons that follow.

I. **APPLICABLE LAW**

Defendant and Third-Party Defendant Franklin Construction, Ltd. ("Franklin Construction") seeks to file an Amended Third Party Demand against Exterior Hardscapes, Inc., Employers Mutual Casualty Company, GuideOne National Insurance Company, National Trust

1

Insurance Company, and Travelers Property Casualty Company of America based on information learned during a site inspection. ECF No. 76-1 ¶¶ 2-6. Although movant fails entirely to address the applicable standard governing its motion,[1] it appears that the motion is well-founded and should be granted even under the more stringent standard of Rule 16 applicable after expiration of the deadline for amending pleadings.[2]

The "good cause" standard applicable under Rule 16(b) generally requires the movant to "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[3] The four factors relevant to determining the existence of good cause in the context of post-deadline amendment are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[4]

When analyzing the prejudicial nature of a proposed amendment, the court must consider "whether the proposed amendment (1) was merely proposing alternative legal theories for recovery on the same underlying facts or (2) would fundamentally alter the nature of the case."[5] Late-stage amendments that essentially "plead[] a fundamentally different case with new causes of action and different parties . . . effectively reconstructing the case anew" are unduly prejudicial and should not be permitted.[6] In contrast, "amendments that merely propose alternative legal theories for

---

[1] A request for leave to amend is governed by FED. R. CIV. P. 15(a) rather than the more stringent good cause requirements of FED. R. CIV. P. 16(b) only when the request is made before expiration of the deadline for filing amendments. *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired and allows modification only for good cause and with the judge's consent; the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing FED. R. CIV. P. 16(b)).
[2] ECF No. 18. The Amended Scheduling Order (ECF No. 75) did not revive this expired deadline.
[3] *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (citation omitted).
[4] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S & W Enters.*, 315 F.3d at 536).
[5] *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (citation omitted).
[6] *Mayeaux*, 376 F.3d at 427 (finding proposed amendment destroying the court's jurisdiction years into the litigation fundamentally altered the case).

recovery on the same underlying facts should be permitted 'as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities.'"[7]

Only after the "good cause" requirements under Rule 16(b) are satisfied is the analysis under Rule 15(a)(2) triggered.[8]  Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[9]  The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[10]  Given Rule 15(a)'s "bias in favor of granting leave to amend,'" absent a "substantial reason," the court's discretion "is not broad enough to permit denial."[11]

## II.   ANALYSIS

None of the Defendants oppose the motion, which adds a new third-party defendant and its insurer as well as the insurer of an existing third-party defendant.  Movant alleges it learned of the identity of this party only after the recent site inspection.  ECF No. 76-1 ¶¶ 2-3.  This newly discovered evidence explains the failure to seek leave earlier, and the amendment is important and does not potentially prejudice any party.  Further, given the April 1, 2024 trial date and January

---

[7] *Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, No. 12-1979, 2015 WL 4254130, at *5 (Roby, M.J.) (E.D. La. July 13, 2015) (quoting *Mayeaux*, 376 F.3d at 427).
[8] *See S&W Enters.*, 315 F.3d at 535–36.
[9] FED. R. CIV. P. 15(a)(2).  Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006).  A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility.  *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).
[10] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).
[11] *Id*. at 595 (citation omitted); *Mayeaux*, 376 F.3d at 425 (footnote omitted) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).

22, 2024 discovery deadline that were just recently set, there would be no need to continue these dates. Further, movant indicates no desire to disrupt the current schedule. ECF No. 81.

Leave to amend is proper under both Rules 16(b) and 15(a); therefore, there is no "substantial reason" to deny the request for leave to amend.

### III.   CONCLUSION

Accordingly, for the foregoing reasons and considering the record, the submission, the lack of opposition by any party, the failure to demonstrate of prejudice from granting leave to amend, and the applicable law,

IT IS ORDERED that the Motion for Leave to File Amended Third Party Complaint (ECF No. 76) is GRANTED;

IT IS FURTHER ORDERED that the Clerk file the Proposed Amended Third Party Complaint (ECF No. 76-2) into the court record.

New Orleans, Louisiana, this __19th__ day of September, 2023.

DONNA PHILLIPS CURRAULT<br>
UNITED STATES MAGISTRATE JUDGE